UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AKEEM TURNER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:18-CV-34-PPS-MGG |
|  | ) |  |
| WARDEN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Akeem Turner, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing where a hearing officer found him guilty of assaulting a staff member. ECF 1 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time. *Id*. He challenges his finding of guilt on a number of grounds.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 536 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Even "meager proof" is enough for a finding of guilt. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). As the reviewing court judge, I am "not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

Turner was originally charged with and found guilty of assaulting and causing bodily injury to staff in violation of IDOC offense A-117. *See* Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses (August 1, 2016). ECF 8-1 at 1, 8-15 at 2-3. On appeal, the Final Reviewing Authority reduced Turner's offense from A-117 to B-212. ECF 8-14 at 1. IDOC offense B-212 prohibits inmates from "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." *See* Appendix I, *supra*. ECF 8-15 at 5.

Here are the facts as they were set out by Sergeant Washington in the conduct report that he drafted after the incident:

> On the date of 10/04/2017 at approximately 6:13 [a]m. I Sgt. J Washington was walking 100 West in DCH to put out a fire. When I was about to leave the range Offender Turner Doc #171836 Cell #118 thr[e]w two apples at me. One apple hit me in the left arm and the second apple hit me on the left side of my fo[re]head. When the second apple hit me in the

2

head I turn[ed] around to look at the cell number. [sic] Which is 118 West. Offender [T]urner then said to me "get you're a\*\* off this range".

ECF 8-1 at 1. Shortly thereafter, Turner had a seizure. ECF 8-2 at 1.

On October 6, 2017, Turner was notified of the charge when he was served with the conduct and screening reports. ECF 8-1 at 1, 8-3 at 1. He pleaded not guilty and requested a lay advocate. ECF 8-3 at 1, 8-4 at 1. During his screening, he requested witness statements from offender Smith, Nurse Jacqueline Monaco, and Officer M. Buckman. ECF 8-3 at 1. Turner asked to view the prison's security video footage of the incident. *Id.* And he also requested the internal affairs staff to view the footage. *Id.*

On October 10, 2017, the hearing officer reviewed the video footage and wrote the following summary:

> On the above date and approx. time of 6:13AM, it is still pretty dark in the cell house. I do see that Sgt. J. Washington is on the range and stops at cell D 118. Sgt. J. Washington walks away from cell D 118 and offender Turner throws something from his cell at Sgt. J. Washington. Sgt. J. Washington turns back around, walks a few steps again and stops and looks back towards the location of the incident. Sgt. J. Washington walks to the front of the range.

ECF 8-6 at 1. The hearing officer denied Turner's request for the internal affairs staff to review the video footage because it was "redundant." ECF 8-5 at 1. She confirmed with the prison's medical staff that Turner was taking prescribed anti-seizure medication. ECF 8-7 at 1.

Three witnesses provided written statements regarding the incident: Officer Buckman wrote the following statement: "I Ofc. M. Buckman was further down the range then [sic] Sgt. Washington so I didn't see him get hit with a [sic] apple." ECF 8-11

3

at 1. Offender Sutton provided a written statement even though Turner did not request one from him. He stated:

> I heard Mr. Turner telling the officer to quit harassing him and get away from his cell. He repeated this several times because the officer walked directly to his cell several times after Mr. Turner was shook down. Never once did I hear Mr. Turner threaten the officer, he only asked that the officer leave him alone.

ECF 8-10 at 1. And Nurse Monaco provided the following statement:

> Witness Jacqueline Monaco;
>
> Offender brought to Nurse's station following incident. Logged into EMR by Jacqueline Monaco RN. In Offender's words "I [was] watching tv and that is the last thing I remember until I woke up on the floor".
>
> Nurse Monaco states that after Offender Turner was cleared to return to his cell he was placed in MSU holding cell for 4 hours at the request of custody while custody investigated the incident further.
>
> At this time Jacqueline Monaco has nothing further to add.
>
> Statement dictated by Kim Marshman A.A. to Sherri Fritter H.S.A.
>
> *s/ Jacqueline M. Monaco, RN*     *s/ Kim Marshman*

ECF 8-8 at 1.

Washington gave the hearing officer his "Formal Statement for Conduct Report Code A-117" denying he was guilty of the offense. ECF 8-9 at 1-3. In his formal statement, Turner asserts Washington told him that he would withdraw the conduct report if Turner told him who had thrown the fruit. *Id.* at 2-3. And at the disciplinary hearing, Turner repeated the same thing: "I did cuss him out, but I never threw anything at that officer. Sgt. Washington said he would drop the assault charge if I told

4

him who threw the apples." *Id*. However, on the basis of staff reports, the incident report, Turner's statement, witness statements, and video footage of the incident, the hearing officer found him guilty. ECF 8-5 at 1.

Turner's first-level appeal was denied by the facility head. ECF 8-12 at 1. About one month later, the Final Reviewing Authority denied his second-level appeal. ECF 8-13 at 1. However, as noted above, on May 30, 2018, the Final Reviewing Authority reconsidered Turner's appeal and modified the offense from A-117, Assault on Staff, to B-212, Assault/Battery. ECF 8-14 at 1.

While not raised by Turner, the court must first consider whether he received proper notice of the new charge against him. Prisoners are entitled to advance notice of the charges against them. *Wolff*, 418 U.S. at 563-64. This requirement is satisfied so long as the underlying basis of the charge was adequate to give the prisoner notice of the allegations against him. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). In other words, when an inmate is sufficiently notified of the factual basis for a charge, he is also on notice that he could face another charge based on the same set of facts. *Id*.

That's plainly what occurred here. The modified charge related directly to the same set of facts as the original charge for which Turner had received notice. Here, the factual basis for the new charge, B-212 Assault/Battery, contains the same factual basis as the original charge, A-117 Assault on Staff—except the A-117 charge also requires bodily injury or serious bodily injury. *See* Appendix I, *supra*. Thus, the elements or facts underlying the two charges are similar enough to have put Turner on notice on the

5

new charge. In other words, while the conduct report charged an aggravated form of battery against a staff member resulting in bodily injury or serious bodily injury, it also necessarily gave notice of the lesser-included charge of simple battery. Therefore, Turner had constitutionally adequate notice of the new charge.

Turning to his petition, Turner argues there are three grounds which entitle him to habeas corpus relief. ECF 1 at 2-3. In his first ground, he asserts his due process rights were violated because he was denied the right to present evidence in his defense. *Id*. at 2. Here, Turner presents three reasons in support of his position. He first claims the hearing officer improperly denied his request for a statement from offender Smith. *Id*. Turner asked for a statement from Smith because Smith, who was in the medical unit when he received treatment after the incident, supposedly overhead a conversation between Sergeant Washington and Turner. ECF 8-3 at 1, 8-9 at 2-3. Turner alleges Smith heard Sergeant Washington offer to withdraw the conduct report if Turner would tell him who threw the apples. *Id*.

A prisoner has a right to call witnesses and present documentary evidence in a prison disciplinary proceeding. *Wolff*, 418 U.S. at 566. Here, Turner's right to present evidence was satisfied. While Turner asserts his due process rights were violated because the hearing officer denied his request for Smith's statement, the relevance of that statement is marginal. In other words, there is no evidence to suggest that Smith either witnessed the apple hurling incident or had personal knowledge of the event. *Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007) ("prison disciplinary officials need

not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings."). Despite Turner's claim that Sergeant Washington gave him an opportunity to name the culprit in this case, he has not identified anyone else as being responsible for the incident. Because Smith's statement would not have shed any light on the events surrounding the apple throwing incident, the hearing officer's denial of Smith's statement did not prejudice Turner's defense. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Turner next asserts his due process rights were violated because the hearing officer denied his request for the prison's internal affairs staff to review the video footage of the incident. ECF 1 at 2. The hearing officer denied Turner's request for a review of the video footage by the internal affairs staff because it was "redundant." ECF 8-5 at 1. In other words, there was no reason for the hearing officer to have someone else tell her what that person observed on the footage when she had reviewed the footage herself. ECF 8-5 at 1, 8-6 at 1. *See Scruggs*, 485 F.3d at 939-40. In fact, the hearing officer was required to view the video footage given Turner's request for the review. *Johnson v. Brown*, 681 Fed. Appx. 494, 496 (7th Cir. 2017). Because the hearing officer considered the video footage in assessing Turner's guilt, there was no violation of his due process rights. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001).

Turner further argues that his due process rights were violated because the statement he requested from Nurse Monaco was dictated by another person. ECF 1 at 2, 8-8 at 1. But due process does not prohibit the use of dictated statements. And Nurse

7

Monaco attested to the veracity of her statement by signing it. While Turner asserts he requested the statement to substantiate the fact he was taking prescribed anti-seizure medication at the time of the incident, that fact is irrelevant to the issue of whether he hurled two apples at Sergeant Washington as he passed by his cell. ECF 8-3 at 1. *See Scruggs*, 485 F.3d 939-40. Because Turner has not shown he was denied evidence needed to mount a defense in this case, his due process rights were not violated. Therefore, his first ground does not identify a basis for habeas corpus relief.

In grounds two and three, Turner maintains there was insufficient evidence to find him guilty. ECF 1 at 2-3. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Sergeant Washington explained that, as he was about to leave the 100 West range in DCH—after putting out a fire—Turner threw two apples at him. ECF 8-1 at 1. He documented the fact that one apple hit him in the left arm and the second apple hit him on the left side of his forehead. *Id*. When the second apple hit him, he turned around to look at the cell number, which was Turner's cell—118 West. *Id*. At that same moment, Turner told Washington to "get [his] a\*\* off this range." *Id*. These facts alone constitute "some evidence" that Turner was guilty of the offense.

In response, Turner points out that Officer Buckman's written statement indicated he did not see Sergeant Washington get hit with an apple. ECF 1 at 2, 8-11 at 1. Next, he asserts that, while there were four or more officers on the range, "[n]o other

of[ficer] came forth with supporting statements saying they [saw him] throw anything." ECF 1 at 2. He also contends the conduct report was "not clear" because Sergeant Washington never stated he saw him throw an apple. ECF 1 at 3. And lastly he asserts there was insufficient evidence of his guilt because the hearing officer's summary of the video footage claimed he "threw something which could not be seen." *Id*.

But here Turner is simply inviting the court to reweigh the evidence. In other words, he is asking the court to credit his version of the events that, because no eyewitness explicitly identified him as the apple hurling culprit, another inmate must have been responsible for the assault. But the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. Because the hearing officer considered the location from which the apples originated and Turner's contemporaneous remark to Sergeant Washington—along with all of the salient evidence in this case—there was no violation of Turner's due process rights. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). In other words, the hearing officer's conclusion that Turner was guilty was neither arbitrary nor unreasonable in light of the facts presented in this case. Therefore, Turner's first and second grounds do not state a basis for habeas corpus relief.

If Turner wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY: Akeem Turner's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on March 21, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT